Filed 9/24/21  P. v. Renteria CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B309905 c/w B310534 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA038347) |
| v. | |
| RONALD DAVE RENTERIA, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

"In 1998, a jury convicted appellant [Ronald Dave Renteria] of carjacking ([Pen. Code,] § 215, subd. (a)) and escape from custody without use of force or violence ([Pen. Code,] § 4532, subd. (b)).[1]  In connection with the carjacking conviction, the jury found true a special allegation that appellant used a gun in the commission of the offense (former § 12022.5, subd. (a)(2)).  After finding that appellant had suffered two strikes under the 'Three Strikes' law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) in 1989, the trial court imposed an aggregate term of 69 years to life, which included a 27-year term for the carjacking conviction under the Three Strikes law, a 10-year term for the associated gun use enhancement, and a term of 25 years to life for the escape from custody conviction under the Three Strikes law." (*People v. Renteria* (Sep. 12, 2017, B280477) 2017 Cal.App.Unpub. LEXIS 6206, at *1-*2).[2]

In November 2020, appellant filed a "motion for a proper *Romero* hearing statement [*sic*]," asking the court to strike one of the strikes used to enhance his sentence.  He also filed a separate "motion to strike prior[]s."  The court denied both motions in two separate orders, and appellant timely appealed both denials.  At his request, we consolidated the appeals for purposes of briefing, oral argument, and decision.

---

[1]     Undesignated references are to the Penal Code.

[2]     Also imposed was a five-year enhancement pursuant to section 667, subdivision (a)(1), and two additional years pursuant to section 667.5, subdivision (b).

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Under *Serrano*, when appointed counsel raises no issues in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record.  (*Id*. at 498.)  On May 5, 2021, we directed counsel to send the record and a copy of the brief to appellant, and to notify him of his right to respond within 30 days.  Several weeks later, appellant filed a "supplemental brief" consisting of 731 pages of reporter's transcripts, 236 pages of clerk's transcripts, and a single-page letter dated May 24, 2021, stating:  "Dear Court Clerk, [¶] Here-I write today to provide the court with a copy of Volume I of II as a courtesy. [¶] I will be making a copy of Volume II,[]and providing the court with a copy as a courtesy. [¶] I greatly appreciate the court clerk[']s time and kind consideration in this matter,[]thank you kindly.  [*sic*]"

To the extent appellant's single-page letter was intended as an appellate brief, it is insufficient under California Rules of Court, rule 8.204.  Among other deficiencies, the "brief" fails to include argument, authority, or record citations.  Because neither appellant nor his counsel has raised any claims of error, we dismiss the appeal as abandoned.  (*Serrano, supra,* 211 Cal.App.4th at 498.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

4